**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER GARDNER, individually and as heir and as Special Administrator for THE ESTATE OF ELLEN FINNIE GALLUCCI,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF LAS VEGAS, a Corporate city of the State of Nevada; the LAS VEGAS METROPOLITAN POLICE DEPARTMENT, Political Subdivision of the State of Nevada; SHERIFF JOSEPH LOMBARDO; and DOE OFFICERS I through X, and DOES XI through XX, and ROE BUSINESS ENTITIES XXI through XXX, inclusive,<br><br>    Defendants. | Case No.: 2:16-cv-01384-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 12), filed by Defendants Sheriff Joseph Lombardo ("Sheriff Lombardo") and the Las Vegas Metropolitan Police Department ("LVMPD"). Plaintiff Christopher Gardner ("Plaintiff") filed a Response (ECF No. 19), and Defendants filed a Reply, (ECF No. 21).[1]

**I.   BACKGROUND**

This case arises from alleged constitutional violations when LVMPD officers initiated a vehicular stop of Kenneth Rankin ("Rankin"), a 32-year old male, to serve a warrant upon him.

---

[1] Also pending before the Court is Plaintiff's Motion to Amend/Correct the Complaint, (ECF No. 32), seeking to add additional LVMPD officers as defendants. Defendants have not responded to the Motion, and the time to do so has passed. For good cause appearing, the Court GRANTS Plaintiff's Motion. Although the instant Motion to Dismiss pertains to the Amended Complaint, it merely seeks dismissal of certain claims against Sheriff Lombardo and the LVMPD that are unchanged in the proposed second amended complaint. Therefore, the Court considers the Motion by referring to the claims as asserted in the Amended Complaint.

(Am. Compl. ¶¶ 21–24, ECF No. 7). Rankin was driving eastbound on West Cheyenne Avenue when LVMPD officers initiated the stop. (*Id.*). Rankin remained in his vehicle while officers exited their vehicle but then fled the scene, driving eastbound on West Cheyenne Avenue. (*Id.* ¶¶ 27–31). Concurrently, Ellen Gallucci ("Gallucci") was riding in a vehicle headed northbound on North Jones Boulevard through the intersection of North Jones Boulevard and West Cheyenne Avenue as the traffic signal was green. (*Id.* ¶¶ 29–30). Rankin sped through the intersection and struck the vehicle in which Gallucci was riding. (*Id.* ¶¶ 29–31). Gallucci suffered severe blunt trauma that eventually caused her death. (*Id.* ¶ 33).

Plaintiff, heir to Gallucci and Special Administrator of her estate, alleges that LVMPD officers knew of Rankin's criminal history and risked the safety of the public when stopping Rankin and attempting to serve a warrant in a populated area. (*Id.* ¶¶ 26, 38, 39). The Amended Complaint lists, in relevant part, Doe Officers I – X ("Defendant Officers"), the LVMPD, and Sheriff Lombardo (collectively "Defendants") as defendants. (*Id.* ¶¶ 9, 12, 15). Plaintiff alleges seven causes of action: (1) 42 U.S.C.A. § 1983 violations against Defendant LVMPD, Sheriff Lombardo, and Defendant Officers; (2) 42 U.S.C.A. § 1983 violations against all Defendants; (3) *Monell* liability against LVMPD; (4) negligence and/or reckless disregard against all Defendants; (5) a survivor's action against all Defendants; (6) wrongful death against all Defendants; and (7) negligent supervision against LVMPD and Sheriff Lombardo. (*Id.* ¶¶ 33–47, 48–55, 56–67, 68–78, 79–88, 89–98, 99–104).

II. <u>**LEGAL STANDARD**</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule

12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys. Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In the instant Motion, Lombardo and LVMPD move to dismiss: (1) all claims against Sheriff Lombardo; (2) Plaintiff's seventh cause of action for negligent training and supervision against LVMPD; and (3) Plaintiff's fourth cause of action for negligence and/or reckless disregard against both Sheriff Lombardo and LVMPD. (Mot. to Dismiss ("MTD") 12:2–5, ECF No. 12). The Court addresses each request in turn.

### A. Claims Against Sheriff Lombardo

Plaintiff alleges § 1983 claims against Sheriff Lombardo in both his official and individual capacity along with Nevada state law claims. The Court begins by addressing the § 1983 claims followed by the Nevada state law claims.

### 1.   *42 U.S.C. § 1983 Claims*

Plaintiff's first and second cause of action allege violations of 42 U.S.C. § 1983 against Sheriff Lombardo in both his official capacity and individual capacity. Because Plaintiff failed to respond to the Motion to Dismiss regarding Plaintiff's § 1983 claims against Sheriff Lombardo, Plaintiff has in effect conceded their dismissal. *See* L.R. 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). Even still, the Court will outline the deficiencies regarding these claims first as asserted against Sheriff Lombardo in his official capacity and next in his individual capacity.

Plaintiff asserts § 1983 claims against Sheriff Lombardo in his official capacity. (Am. Compl. ¶ 12, ECF No. 7). However, because a suit against a government officer in his official capacity is "equivalent to a suit against the government entity itself," the claims are properly analyzed as *Monell* claims. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Pursuant to *Monell*, municipalities can be sued directly under § 1983 for violations of constitutional rights. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Because an official capacity suit against a municipal officer is equivalent to a suit against the government entity, the court may dismiss the officer as a redundant defendant where both the officer and the entity are named. *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."). Accordingly, the claims against Sheriff Lombardo in his official capacity are dismissed with prejudice as redundant of those against LVMPD.

Plaintiff also asserts the § 1983 claims against Sheriff Lombardo in his individual capacity. (Am. Compl. ¶¶ 12, 34–47, 48–55). "Personal-capacity suits . . . seek to impose

individual liability upon a government officer for actions taken under color of state law. Thus, . . . 'to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). However, at bottom, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

To adequately plead a local government official's personal liability, a plaintiff must plead facts from which a court could reasonably infer (1) that the official was personally involved in the alleged constitutional deprivation, or (2) the existence of a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989). Thus, personal, supervisory liability "exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id*.

Here, Plaintiff does not assert that Sheriff Lombardo was personally involved in, or even present during, the alleged incident that resulted in Plaintiff's injuries. Rather, Plaintiff asserts that he suffered the alleged constitutional violations as a result of a policy that all Defendants, including Sheriff Lombardo, either implemented or ratified. (Am. Compl. ¶¶ 57, 60). However, Plaintiff's Amended Complaint lacks any factual allegations specifically linking these polices or actions to Sheriff Lombardo. Similarly, the Amended Complaint lacks any allegations of discrete actions taken by Sheriff Lombardo that caused the alleged injuries. Accordingly, because Plaintiff has failed to provide anything beyond insufficient conclusory allegations, or respond to LVMPD's Motion to Dismiss, the Court must dismiss the § 1983 claims against Sheriff Lombardo in his personal capacity without prejudice. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### 2. *State Claims against Sheriff Lombardo*

Plaintiff's fourth, fifth, sixth, and seventh causes of action are for the state torts of negligence and/or reckless disregard, survivor's action, wrongful death, and negligent supervision, respectively. (Am. Compl. ¶¶ 68–78, 79–88, 89–98, 99–104). Each claim as alleged against Sheriff Lombardo fails.

First, Defendants allege that Sheriff Lombardo is entitled to immunity regarding Plaintiff's state law claims. (MTD 9:3–10:10). Nevada law immunizes certain officers and employees of political subdivisions for the acts or omissions of other persons. *See* NRS § 41.0335(1)(a)–(b). In particular, "[n]o actions may be brought against (a) a sheriff or county assessor which is based solely upon any act or omission of a deputy; (b) a chief of a police department which is based solely upon any act or omission of an officer of the department." *Id.* Plaintiff's claims for negligence and/or reckless disregard, survivor's action, and wrongful death seek to hold Sheriff Lombardo liable for Defendant Officers' alleged acts instead of his own, and are therefore barred by Nevada law. Because Plaintiff could amend the complaint to hold Sheriff Lombardo liable for his own acts or omissions, the claims are dismissed without prejudice.

Next, Plaintiff's seventh claim seeks to hold Sheriff Lombardo liable under a theory of negligent supervision. However, Sheriff Lombardo enjoys immunity from such a claim under Nevada's discretionary immunity statute. *See* NRS § 41.032(2); *Beckwith v. Pool*, No. 2:13-cv-125-JCM-NJK, 2013 WL 3049070 at *6–7 (D. Nev. Jun. 17, 2013). Pursuant to § 41.032(2), no action may be brought against a state officer or employee or any state agency or political subdivision that is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused." NRS § 41.032(2). Nevada looks to federal

law addressing the Federal Tort Claims Act for guidance on what type of conduct discretionary immunity protects. *Martinez v. Maruszczak*, 168 P.3d 720, 727–28 (Nev. 2007) (en banc). Federal courts have held that "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (citing cases). However, acts taken in bad faith are not protected by discretionary immunity under Nevada law. *See Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991); *see also Davis v. City of Las Vegas*, 478 F.3d 1048, 1059–60 (9th Cir. 2007).

Plaintiff points to *Scott v. Las Vegas Metro. Police Dep't*, No. 2:10-cv-01900-ECR, 2011 WL 2295178 (D. Nev. June 8, 2011), to argue that discretionary immunity does not apply to negligent hiring, training, and supervision claims. However, *Scott* is inapposite. The court pointed out in *Scott* that courts "often grant discretionary immunity to a state agency or political subdivision with respect to its hiring, training and supervising decisions" but found that in "this instance" Plaintiff's claims relating to allegations of unlawful seizures and the use of excessive force were not subject to discretionary immunity. *Scott*, 2011 WL 2295178, at *11. Indeed, the great weight of authority in this district holds that discretionary immunity applies to decisions relating to the hiring, training, and supervision of employees. *See, e.g.*, *Bryan v. Las Vegas Metro. Police Dep't*, 349 F. App'x 132, 134 (9th Cir. 2009) ("Because Nevada looks to federal case law to determine the scope of discretionary immunity, and because federal case law consistently holds that training and supervision are acts entitled to such immunity, METRO police is entitled to discretionary immunity on this claim [for negligent training and/or supervision].").

Because Plaintiff does not allege Sheriff Lombardo acted in bad faith, discretionary-function immunity applies to Plaintiff's negligence claims against him. Accordingly, the negligent supervision claim against Sheriff Lombardo is dismissed without prejudice.

**B.     Negligent Training and Supervision against LVMPD**

Defendants assert that LVMPD is entitled to the same discretionary immunity as Sheriff Lombardo regarding the state law claim of negligent training and supervision. (MTD 10:12–11:6). Because the analysis for discretionary immunity is the same for the municipality as it is for its' officers, discretionary immunity is appropriate for LVMPD for reasons discussed *supra*. *See Cloes v. City of Mesquite*, 582 F. App'x 721, 726 (9th Cir. 2014) (stating that "[u]nder section 41.032(2), discretionary immunity precludes an action against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions."). Accordingly, the state law claim for negligent training and supervision is dismissed against LVMPD without prejudice.

**C.     Negligence and/or Reckless Disregard**

Defendants move to dismiss the fourth cause of action, negligence and/or reckless disregard, as duplicative of the fifth cause of action, survivor's action, and the sixth cause of action, wrongful death. Defendants contend that because "both the survivor's action and the wrongful death claim arise out of the alleged 'negligence, carelessness, recklessness, lack of due care and prudence by [Defendants],'" it should be dismissed as "it will be litigated through the fifth and sixth causes of action." (MTD 11:9–11:22).

A survival action is not a claim recognized by Nevada Law. In fact, "survival actions" is a term used in NRS § 41.100 that permits a plaintiff to pursue any valid cause of action on behalf of the decedent. *See Conover v. Vons Stores, Inc.*, No. 2:11-cv-01806-GMN, 2012 WL 4482591, at *5 (D. Nev. Sept. 25, 2012). Thus, a survivor's action does not exist as a claim in and of itself, but a method under which a plaintiff may bring claims on behalf of a decedent. *Id.*

Further, the Court agrees that Plaintiff's claim for negligence and/or reckless disregard is duplicative of his wrongful death claim. (Am. Compl. ¶¶ 89–98). "Under Nevada's wrongful death statute, a wrongful death claim must be based on some negligence or other wrongful act

that causes the death of the decedent." *Id.* at *4. Here, Plaintiff alleges that "[d]ue to the negligence, carelessness, recklessness, lack of due care and prudence by Defendant Officers and the Las Vegas Metropolitan Police Department, Ms. Gallucci eventually died as a result of [her] injuries." (Am. Compl. ¶ 90). Plaintiff further alleges that "Defendants' negligence and reckless disregard for other is the sole and proximate cause of the personal injuries, medical expenses and death of Ms. Gallucci." (*Id.* ¶ 93). These allegations merely restate the similar allegations in Plaintiff's negligence and/or reckless disregard claim. (*See id.* ¶¶ 71–72).

Accordingly, Plaintiff's claim for negligence and or/ reckless disregard is dismissed with prejudice. In addition, because a survivor's action is not a claim in and of itself, it is also dismissed with prejudice. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6) . . . where the claimant cannot possibly win relief.").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 12), is **GRANTED**. The following causes of action are **DISMISSED with prejudice**: the § 1983 claim against Sheriff Lombardo in his official capacity; negligence and/or reckless disregard against all Defendants; and survivor's action against all Defendants. The following causes of action are **DISMISSED without prejudice**: the § 1983 claim against Sheriff Lombardo in his individual capacity; all state law claims against Sheriff Lombardo; and the negligent training and supervision claims against LVMPD. If Plaintiff elects to file a second amended complaint, Plaintiff shall have twenty-one days from the filing date of this Order to do so. Failure to file a second amended complaint by this date shall result in the dismissal of Plaintiff's claims dismissed herein with prejudice.

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct the Complaint, (ECF No. 32), is **GRANTED**.

**DATED** this __20__ day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge