KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER GARDNER, Individually and as heir and as Special Administrator for THE ESTATE OF ELLEN FINNIE GALLUCCI,<br><br>      Plaintiffs,<br><br>      vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, Political Subdivision of the State of Nevada; SHERIFF JOSEPH LOMBARDO; DOE OFFICERS I-X, and DOES XI through XX; and ROE BUSINESS ENTITIES XXI through XXX, inclusive.<br><br>      Defendants. | Case No.: 2:16-cv-01384-GMN-CWH<br><br><br>**STIPULATION TO EXTEND DISCOVERY**<br><br>**(Fifth Request)** |

IT IS HEREBY STIPULATED AND AGREED between the parties that the discovery

cut-off date of March 14, 2018, be continued for a period of ninety (90) days, up to and

including June 12, 2018, for the purpose of allowing the parties to finish conducting written

discovery, serve third-party subpoenas, take several depositions of third parties and disclose

expert witnesses.

/ / /

/ / /

/ / /

**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1

**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

## DISCOVERY COMPLETED TO DATE

Plaintiff, CHRISTOPHER GARDNER, Individually and as heir and as Special Administrator for THE ESTATE OF ELLEN FINNIE GALLUCCI ("Plaintiff"), has produced his first supplement to Rule 26 disclosures to LAS VEGAS METROPOLITAN POLICE DEPARTMENT and SHERIFF JOSEPH LOMBARDO ("Defendants"). Plaintiff has produced written discovery requests (Interrogatories and Requests for Production of Documents) on Defendants. Defendants have answered said requests. Plaintiff has also taken the depositions of several LVMPD officers.

Defendants have produced their first, second, third and fourth supplements to their Rule 26 disclosures. Defendants have also served Plaintiff with their initial written discovery requests and a second set (Interrogatories and Requests for Production of Documents). Plaintiff has responded to Defendant's both sets.

The depositions of five (5) individual LVMPD Officers have been taken. Additional depositions of more LVMPD Officers were scheduled; however, those had to be vacated due to conflicts with the schedules of Counsels and the Officers.

## DISCOVERY YET TO BE COMPLETED

Plaintiffs will take depositions of several more of the officers involved, which previously had to be cancelled. Both parties will schedule depositions of third-party witnesses. The parties will disclose experts and rebuttal expert reports.

## REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

With a case of this size and complexity, the parties request to extend discovery deadlines to be sure the expert witnesses are disclosed and discovery is completed in a timely manner. Throughout the discovery already completed, additional facts, parties, and witnesses have been

2

**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

discovered. Both parties wish to be thorough in their investigations of the extensive

documentation on this incident and be sure all the correct information is disclosed.  Moreover,

there have been delays in discovery concerning deposition transcripts and scheduling

depositions.  Those delays are more particularly set out herein.

Plaintiff filed a Second Amended Complaint naming the officers involved in the

incident. Defendants have filed a Motion to Dismiss the Second Amended Complaint. Plaintiff

has filed his Opposition, and the parties are waiting to hear the judge's decision.

## PROPOSED EXTENDED DEADLINES

Accordingly, it is hereby stipulated and respectfully requested that this Court enter an

order as follows:

### A. Discovery Cut-Off Date:

The parties propose that the discovery cut-off date be extended 90 days to Tuesday,

June 12, 2018.

### B. FRCP 26(a)(2) Disclosure of Experts:

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2) and LR 26-

1(e)(3) as follows: the disclosure of experts and their reports shall occur on or before April 13,

2018. The disclosure of rebuttal experts and their reports shall occur on or before May 14, 2018.

These deadlines are 60 and 30 days before the proposed discovery cut-off date, respectively.

### C. Dispositive Motions:

The parties shall have until July 12, 2018 to file dispositive motions. This is 30 days

after the discovery cut-off date, as required by LR 26-1(b)(4).

/ / /

/ / /

3

**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

**D.  Motions in Limine:**

As required by LR 16-3(b), any motions in limine shall be filed and served thirty days prior to the commencement of Trial. Oppositions shall be filed and served and the motion submitted for decision fourteen days thereafter. Reply briefs will be allowed only with leave of the court.

**E.  Pretrial Order:**

The parties will prepare a Consolidated Pretrial Order on or before August 13ʳ 2018, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(b)(5). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pretrial order.

**F.  Interim Status Report**

The parties shall file the interim status report by April 13, 2018, 60 days before the discovery cut-off date, as required by LR 26-3.

**G.  Extensions or Modification of the Discovery Plan and Scheduling Order**

In accordance with LR 26-4, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than twenty-one (21) days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set

4

1  was the result of excusable neglect.  Any motion or stipulation to extend a deadline or to reopen

2  discovery shall include:

3      (a)    A statement specifying the discovery completed;

4      (b)    A specific description of the discovery that remains to be completed;

5

6      (c)    The reasons why the deadline was not satisfied or the remaining discovery was

7  not completed within the time limits set by the discovery plan; and

8      (d)    A proposed scheduled for completing all discovery.

9      The parties recognize that this request is not being made within twenty-one (21) days of the

10  current deadline of January 15, 2018 to disclose expert reports pursuant to LR 26-4; however

11  the parties submit that good cause and excusable neglect exists.

12

13      LR 26-4 states in relevant part:

14      A motion or stipulation to extend a deadline set forth in a discovery plan must be
      received by the court no later than 21 days before the expiration of the subject
15      deadline.  A request made within 21 days of the subject deadline must be supported
      by a showing of good cause.  A request made after the expiration of the subject
16      deadline will not be granted unless the movant also demonstrates that the failure to
      act was the result of excusable neglect.
17

18

19      In evaluating excusable neglect, the court considers the following factors: (1) the reason for

20  the delay and whether it was in the reasonable control of the moving party, (2) whether the

21  moving party acted in good faith, (3) the length of the delay and its potential impact on the

22  proceedings, and (4) the danger of prejudice to the nonmoving party.  See Pioneer Inv. Servs.

23

24  Co. v. Brunswick Assocs., 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

25      As set out in the prior Stipulation to Extend Discovery at ECF No. 53, depositions of

26  five (5) LVMPD Officers were taken.  There was a significant delay, in excess of three (3)

27  months, after the depositions were taken to obtain them from the Court Reporter that recorded

28

5

1  the depositions.  In addition, when the deposition transcripts were received by the Officers'

2  Counsel, there were significant errors which caused further delay in the Officers' ability to

3  review their transcripts.  The Officers required an additional sixty (60) days to review the

4  transcripts to ensure that their testimony was as accurate as possible considering the substantial

5  issues with the transcripts.  The parties did not anticipate this type of delay and as such, thus the

6  delay in requesting the extension pertaining to the expert disclosure deadline.

7

8  This request for an extension is made in good faith, jointly by the parties hereto, to allow

9  additional time for the parties to conduct discovery as to the newly named LVMPD Defendants.

10  This request is not timely, however, it is the result of excusable neglect.  Trial is not yet set and

11  dispositive motions have not yet been filed.  Accordingly, this extension will not delay this case.

12

13  Moreover, since this request is a joint request, neither party will be prejudiced.  The

14  extension will allow the parties the necessary time to prosecute and defend this case.

15  IT IS SO STIPULATED this 12th day of January, 2018.

16  KAEMPFER CROWELL                          LAW OFFICES OF KEVIN R. HANSEN

17

18  By:/s/ Lyssa S. Anderson, Esq.            By:/s/ Kevin R. Hansen, Esq.
LYSSA S. ANDERSON, ESQ.                      KEVIN R. HANSEN, ESQ.
19  Nevada Bar No. 5781                       Nevada Bar No. 6336
RYAN DANIELS, ESQ.                           AMY M. WILSON, ESQ.
20  Nevada Bar No. 13094                      Nevada Bar No. 13421
1980 Festival Plaza Drive, #650             5440 W. Sahara Ave., Ste. 206
21  Las Vegas, Nevada 89135                  Las Vegas, Nevada 89146
*Attorneys for Defendants*                   *Attorneys for Plaintiffs*
22

23

24  **IT IS SO ORDERED.**

25

26  DATED this __16th__ day of January, 2018.



27

28  _____
UNITED STATES MAGISTRATE     JUDGE